# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHADWICK LYNN MILLER | ) | CASE NO.: 5:19CV1334 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| AKRON BAR ASSOCIATION, | ) | |
| ATTORNEY REFERRAL | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Chadwick Lynn Miller brings this action against Defendant Akron Bar Association, Attorney Referral, pursuant to pursuant to 18 U.S.C. §§ 2339A, 241, 242, and 2261A. Doc. 1 ("Complaint") at 3. Also before the Court is Plaintiff's motion to proceed *in forma pauperis*, which is granted. Doc. 2. For the reasons that follow, this case is dismissed.

## I. Standard of Review

P*ro se* pleadings are liberally construed by the Court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Nevertheless, federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true and with all reasonable inferences drawn in plaintiff's favor, to state a plausible claim for relief. *See Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.") (citations omitted).

## II. Analysis

In the complaint, Plaintiff claims to be a victim of thought-reading technology installed by terrorists to harm him. Miller alleges that Defendant deliberately aided the terrorists by using mind-altering tactics, including impersonating people from Plaintiff's past, lying, and misleading Plaintiff about attorney referral services in an attempt to ensure that Plaintiff's rights as an American were not upheld. Plaintiff seeks $150 Million Dollars in damages. Complaint at 6.

All of the statutes under which Plaintiff seeks relief are federal criminal statutes. A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing among authority *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986)); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.") (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974)).

### *Plaintiff's claims under 18 U.S.C. §§ 241, 242, and 2261A are dismissed*

Because private citizens lack authority to initiate a federal criminal prosecution, Plaintiff lacks standing to assert a claim under 18 U.S.C. §§ 241 (conspiracy) and 242 (deprivation of rights). *U.S. v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (plaintiff has no private right of action under 18 U.S.C. §§ 241 and 242).

Nor does 18 U.S.C. § 2261A provide Plaintiff with a private right of action. *Murray v. Williams*, No. 3:15-CV-284-TAV-HBG, 2016 WL 1122050, at *10 (E.D. Tenn. Mar. 22, 2016) (18 U.S.C. § 2261A (stalking) does not contain a private right of action) (citation omitted); *see also Dixon v. Ford Motor Co.*, No. 2:16-CV-14124, 2018 WL 7018200, at *9 (E.D. Mich. Oct. 29, 2018) (same) (collecting cases), *report and recommendation adopted,* No. 16-CV-14124, 2018 WL 6321919 (E.D. Mich. Dec. 4, 2018).

Because Miller lacks standing to bring a civil claim pursuant to 18 U.S.C. §§ 241, 242, and § 2261A, Plaintiff fails to state a plausible claim for relief and those claims are dismissed pursuant to § 1915(e).

### *Plaintiff's claim under 18 U.S.C. § 2339A is dismissed*

Under 18 U.S.C. § 2339A, it is a crime to provide material support to terrorists. The Anti-Terrorism Act ("ATA") affords a civil remedy to persons injured "by reason of an act of international terrorism." 18 U.S.C. § 2333(a); *Crosby v. Twitter, Inc.*, 921 F.3d 617, 622 (6th Cir. 2019) (citing 18 U.S.C. § 2333(a) and collecting cases); *see also Fields v. Twitter, Inc.*, 881 F.3d 739, 743 (9th Cir. 2018) (the ATA authorizes a private right of action for damages caused by an act of international terrorism). "A violation of [§§ 2339A, 2339B, and 2339C] 'can provide the basis for a [civil] cause of action under §

2333(a).'" *Taamneh v. Twitter, Inc.*, 343 F. Supp. 3d 904, 910 (N.D. Cal. 2018) (quoting *Fields,* 881 F.3d at 743). But Miller fails to state a plausible civil claim for violation of § 2339A because, as a threshold matter, Plaintiff does not claim that the terrorist activity alleged in the complaint is an "act of international terrorism."

Even if Plaintiff had alleged an international act of terrorism, the claim would nevertheless be dismissed because an action has no arguable basis in fact "if it describes fantastic or delusional scenarios." *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004). Here, Miller's claim that terrorists installed mind-reading technology and have been assisted by Defendant lacks an arguable basis in fact and dismissed pursuant to § 1915 for this additional reason. *See Burnes v. Clinton*, 238 F.3d 419 (Table) (6th Cir. 2000) (complaint against President Clinton and various other high-ranking federal officials, alleging that the named defendants were subjecting plaintiff to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous, as it lacks any rational basis in fact and is apparently delusional) (citing *Neitzke v. Williams,* 490 U.S. 319, 325, 328 (1989)).

### III. Conclusion

For all the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to proceed *in forma pauperis* is granted. Doc. 2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

June 28, 2019            _s/John R. Adams__
                         JUDGE JOHN R. ADAMS
                         UNITED STATES DISTRICT COURT